# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CONOCOPHILLIPS GULF OF PARIA B.V., <br><br> Plaintiff, <br><br> v. <br><br> CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A., <br><br> Defendants. | Case No. 1:22-mc-00264-UNA |

## OPENING BRIEF IN SUPPORT OF
## CONOCOPHILLIPS GULF OF PARIA B.V.'S MOTION FOR AN ORDER
## AUTHORIZING THE ISSUANCE OF A WRIT OF *FIERI FACIAS*

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com

Dated:  June 15, 2022

ROSS ARONSTAM & MORITZ LLP

Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................. 3

FACTS ...................................................................................................................................... 4

    I.    The Arbitration Award and Judgment ........................................................................ 4

    II.   PDVSA's Delaware Property ....................................................................................... 5

ARGUMENT ............................................................................................................................ 5

    I.    Legal Standards ........................................................................................................... 5

    II.   Section 1610 is Satisfied ............................................................................................. 6

        A.   A Reasonable Time Has Passed Since Entry of Judgment ................................. 6

        B.   PDVSA is Engaged in Commercial Activity in the United States ...................... 8

        C.   PDVSA Owns Property in Delaware ................................................................... 9

        D.   PDVSA Is Not Entitled to Immunity under the FSIA .......................................... 9

    III.  OFAC Sanctions do not bar ConocoPhillips' requested relief ................................... 10

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

## **Cases**

*Alberta Sec. Comm'n v. Ryckman*,
  2015 WL 2265473 (Del. Super. Ct. May 5, 2015) ................................................. 10

*Conn. Bank of Commerce v. Republic of Congo*,
  440 F. Supp. 2d 346 (D. Del. 2006) ...................................................................... 5

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
  333 F. Supp. 3d 380 (D. Del. 2018) ............................................................. 2, 5, 8, 9

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
  932 F.3d 126 (3d Cir. 2019) .................................................................................. 9

*Elliott Assocs., L.P. v. Banco De La Nacion*,
  No. 96 CIV. 7916 RWS (S.D.N.Y. Sept. 29, 2000)…………………………………………7

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*,
  2002 WL 32107929 (S.D. Tex. Jan. 25, 2002) ....................................................... 8

*Ned Chartering & Trading, Inc. v. Republic of Pakistan*,
  130 F. Supp. 2d 64 (D.D.C. 2001) ...................................................................... 6, 7

*Owens v. Republic of Sudan*,
  141 F. Supp. 3d 1 (D.D.C. 2015) .......................................................................... 8

*Walters v. Indus. & Commercial Bank of China, Ltd.*,
  651 F.3d 280 (2d Cir. 2011) ................................................................................. 9

*Wilmington Tr. Co. v. Barron*,
  470 A.2d 257 (Del. 1983) ..................................................................................... 5

## **Statutes**

8 *Del. C.* § 169 ...................................................................................................... 10

8 *Del. C.* § 324 ...................................................................................................... 5

10 *Del. C.* § 5031 .................................................................................................. 5

28 U.S.C. § 1610 ................................................................................................... 6

28 U.S.C. § 1610(a) .............................................................................................. 8, 9

28 U.S.C. § 1610(b) ................................................................................................. 9

28 U.S.C. § 1610(b)(1) .......................................................................................... 10

28 U.S.C. § 1610(b), (c) ........................................................................................... 6

28 U.S.C. § 1610(c) .................................................................................... 2, 6, 7, 8

28 U.S.C. § 1963 ................................................................................................. 2, 4

Plaintiff ConocoPhillips Gulf of Paria B.V. ("ConocoPhillips") respectfully submits this brief in support of its motion, pursuant to Federal Rule of Civil Procedure 69, the Delaware Code and Section 1610(c) of the Foreign Sovereign Immunities Act (the "FSIA"), for an order authorizing the issuance of a writ of *fieri facias* ("*fi fa* writ") against shares of the Delaware corporation PDV Holding, Inc. ("PDVH") owned by Petróleos de Venezuela S.A. ("PDVSA"), subject to the same terms already imposed by the Court in parallel litigation and as described below.

## PRELIMINARY STATEMENT

The Bolivarian Republic of Venezuela ("Venezuela") and its state-owned oil company PDVSA nationalized ConocoPhillips' interests in several major oil projects in Venezuela worth billions of dollars.  Having not received compensation, ConocoPhillips brought three arbitration claims against Venezuela, PDVSA, and several PDVSA subsidiaries.  In one of them, a tribunal of the International Chamber of Commerce issued a final award on July 29, 2019 in favor of ConocoPhillips and against Corporación Venezolana del Petróleo, S.A. ("CVP") and PDVSA (together, the "Defendants") for approximately US $33,700,000, plus interest running from October 22, 2002 (the "Award").[1]   On December 3, 2020, the Award was confirmed and recognized in the United States District Court for the Southern District of New York as a judgment in favor of ConocoPhillips (the "SDNY Judgment").[2]

---

[1] *See ConocoPhillips Gulf of Paria B.V. v. Corporación Venezolana del Petróleo, S.A. and Petróleos de Venezuela, S.A.*, Case No. 22527/ASM/JPA.

[2] *See ConocoPhillips Gulf of Paria B.V. v. Corporación Venezolana del Petróleo, S.A. and Petróleos de Venezuela, S.A.,* C.A. No. 19-cv-7304 (S.D.N.Y. 2020), D.I. No. 53 (attached as Exhibit 3 to the June 14, 2022 Declaration of Marcus Green ("Green Decl.")).  The SDNY Judgment is in the amount of US $48,008,707 plus interest.

ConocoPhillips submits the SDNY Judgment for registration with this Court pursuant to 28 U.S.C. § 1963.  By this motion, ConocoPhillips requests the Court to enter an order pursuant to 28 U.S.C. § 1610(c) and to authorize the issuance of a *fi fa* writ on the shares of PDVH owned by PDVSA (the "PDVH Shares").

This Court has already ruled,[3] and the Third Circuit has affirmed, in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-00151 (the "Crystallex Enforcement Case"), that the PDVH Shares are commercial assets located within the United States subject to execution by a PDVSA creditor.[4]

This Court has already ruled, in *Phillips Petroleum Co. Venezuela Ltd. v. Petroleos de Venezuela S.A. et al.*, C.A. No. 19-mc-00342-LPS (D. Del. Mar. 2, 2022) and in *Red Tree Investments LLC v. Petroleos de Venezuela S.A. et al.*, C.A. No. 22-mc-00068-LPS (D. Del. Apr. 28, 2022), that the regulations of the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") do not prohibit the Court from issuing an order finding that ConocoPhillips has met all the requirements for a *fi fa* writ and authorizing the issuance of a writ upon either the lifting of sanctions or the granting of a license.

That the PDVSA parties have petitioned to appeal the Court's decisions in *Phillips Petroleum* and *Red Tree* should not impede the granting of this motion.  The Third Circuit has not yet determined whether to take up those interlocutory appeals.  If it does, any interlocutory appeal from an order granting this motion, if permitted, could be decided alongside them or effectively by the outcome of those appeals.

---

[3] *See Phillips Petroleum Co. Venezeula Ltd. v. Petroleos de Venezuela S.A. et al.*, C.A. No. 19-mc-00342-LPS (D. Del. Mar. 2, 2022), D.I. 42.
[4] *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380 (D. Del. 2018), *aff'd and remanded*, 932 F.3d 126 (3d Cir. 2019).

The only issue presented by this motion is whether, pursuant to Section 1610(c) of the FSIA, a reasonable amount of time has passed since the entry of the SDNY Judgment. There can be no serious dispute that sufficient time has passed since the entry of the SDNY Judgment in December 2020.

First, more than 18 months have passed since the entry of that judgment. That is by any measure under the case law a reasonable period. Second, the SDNY Judgment was itself entered by the express consent of the Defendants in exchange for ConocoPhillips' agreement to delay any enforcement in Delaware for this 18-month period, which has expired.[5] The Defendants, by that agreement with ConocoPhillips, have had advance warning of this motion for more than 18 months and ample opportunity to arrange for voluntary payment. The purposes of Section 1610(c) have been served.

The Court should enter Plaintiff's proposed order, granting the same relief here that has already been granted in *Phillips Petroleum* and *Red Tree*: authorizing the eventual issuance of a *fi fa* writ, conditioned upon lifting of OFAC sanctions or the grant of a license to ConocoPhillips.[6]

## SUMMARY OF ARGUMENT

1.    A reasonable period has passed since judgment was entered recognizing ConocoPhillips' arbitration award.

2.    PDVSA engaged in commercial activity in the United States.

3.    PDVSA owns property in Delaware; namely, the PDVH Shares.

---

[5] *See ConocoPhillips Gulf of Paria B.V. v. Corporación Venezolana del Petróleo, S.A. and Petróleos de Venezuela, S.A.*, C.A. No. 19-cv-7304 (S.D.N.Y. 2020), D.I. No. 52 ¶ 4 (attached as Exhibit 5, Green Decl.)

[6] *See Phillips Petroleum Co. Venezeula Ltd. v. Petroleos de Venezuela S.A. et al.*, C.A. No. 19-mc-00342-LPS (D. Del. Mar. 2, 2022), D.I. 42; *Red Tree Investments LLC v. Petroleos de Venezuela S.A. et al.*, C.A. No. 22-mc-00068-LPS (D. Del. Apr. 28, 2022), D.I. 15.

4.      Neither PDVSA nor its assets are entitled to immunity from attachment in aid of execution or from execution.

5.      The Court has already found that OFAC sanctions do not bar the relief ConocoPhillips is requesting.

## FACTS

### I.      The Arbitration Award and Judgment

Until 2007, together with the Defendants, Plaintiff participated in a Venezuelan offshore oil project known as the "Corocoro Project."  As part of its investment, Plaintiff helped finance CVP's acquisition of an interest in the Corocoro Project.  However, beginning in 2004, the Venezuelan government initiated a series of adverse measures that, in 2007, culminated in the delivery of the Corocoro Project into Defendants' hands without repayment to Plaintiff of the CVP financing.

In December 2016, ConocoPhillips brought an arbitration against the Defendants, asserting claims for breach of contract and failure to repay the loan to CVP.  On July 29, 2019, a tribunal rendered the Award in favor of ConocoPhillips and against PDVSA and CVP in *ConocoPhillips Gulf of Paria B.V. v. Corporación Venezolana del Petróleo, S.A. and Petróleos de Venezuela, S.A.*, Case No. 22527/ASM/JPA.  The United States District Court for the Southern District of New York confirmed and recognized the Award as the SDNY Judgment on December 3, 2020.[7]  ConocoPhillips registered the SDNY Judgment with this Court pursuant to 28 U.S.C. § 1963.  The Defendants have not paid ConocoPhillips any portion of the judgment.

---

[7] Ex. 3, Green Decl.

## II.     PDVSA's Delaware Property

PDVSA's 100% ownership of the PDVH Shares is undisputed.  In its petition for rehearing its appeal from the Crystallex Enforcement Case, Venezuela confirmed that PDVSA is the sole shareholder of PDVH, admitting that "[President Guaidó] appointed an *ad hoc* administrative board to represent PDVSA in its capacity as *sole shareholder of PDVH*."[8]  PDVSA and PDVH have also confirmed the ownership of the PDVH Shares by PDVSA in a corporate disclosure statement filed in federal court.[9]

## ARGUMENT

## I.     Legal Standards

ConocoPhillips seeks a *fi fa* writ with respect to the PDVH Shares pursuant to Rule 69 of the Federal Rules of Civil Procedure, which provides that the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . ."  Fed. R. Civ. P. 69(a).  Under Delaware law, a creditor may attach a debtor's shares in a Delaware corporation to satisfy the debt owed.  *See* 8 *Del. C.* § 324.  Delaware law also provides for execution by garnishment, *i.e.*, the attachment of a defendant's property in the hands of a third party. *See* 10 *Del. C.* § 5031 (Judgment creditors "may cause an attachment, as well as any other execution . . . containing an order for the summoning of garnishees, to be proceeded upon and returned as in cases of foreign attachment."). *See also Wilmington Tr. Co. v. Barron*, 470 A.2d 257, 263 (Del. 1983) ("The authority for [attachment on property not in a debtor's possession] is founded upon 10 *Del. C.* § 5031.").

---

[8] Republic of Venezuela Petition for Rehearing *en banc* at 6, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela,* C.A. No. 18-3124 (3d Cir. Sept. 26, 2019) (emphasis added).
[9] *See* Corporate Disclosure Statement, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela et al.*, C.A. No. 22-1606 (3d Cir. Apr. 21, 2022), D.I. 36 (attached as Exhibit 4, Green Decl.).

Because PDVSA is an instrumentality of Venezuela, this motion is subject to Section 1610 of the FSIA. Pursuant to Section 1610(c), the Court has the authority to approve the issuance of a *fi fa* writ. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380 (D. Del. 2018), *aff'd and remanded*, 932 F.3d 126 (3d Cir. 2019). *See also Conn. Bank of Commerce v. Republic of Congo*, 440 F. Supp. 2d 346, 349 n.3 (D. Del. 2006) ("[T]he order directing the Prothonotary to issue the writ of garnishment was issued in accordance with 28 U.S.C. § 1610(c).").

Section 1610 permits court-ordered attachments on property of an agency or instrumentality of a foreign state in aid of execution of a judgment where (1) "a reasonable period of time has elapsed following the entry of judgment"; (2) the "agency or instrumentality of a foreign state is engaged in commercial activity in the United States"; (3) the property to be attached is located in the United States, and (4) "the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly." 28 U.S.C. § 1610(b), (c).

## II.  Section 1610 is Satisfied

### A.  A Reasonable Time Has Passed Since Entry of Judgment

Section 1610(c) of the FSIA provides that when a judgment has been entered against an agency or instrumentality of a foreign state, attachment of that agency or instrumentality's property in the United States is permitted once "the court . . . has determined that a reasonable period of time has elapsed following the entry of judgment . . . ." 28 U.S.C. § 1610(c); *see also Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (citing the legislative history of the FSIA at H.R. Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976)).

When deciding whether a "reasonable period" has elapsed, courts have considered "the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." *Ned Chartering*, 130 F. Supp. 2d at 67 (citing H.R. Rep. No. 94-1487); *see also Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 10 (D.D.C. 2015) (explaining that "case law and legislative history suggest that the purpose of § 1610(c)'s reasonable-period requirement is to allow foreign states the opportunity to make arrangements for voluntary payment, while still allowing for more immediate enforcement efforts when necessary"). "What constitutes a 'reasonable time' will vary according to the nuances of each case." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 2002 WL 32107929, at *1 (S.D. Tex. Jan. 25, 2002).

Courts have decided that a period of only a few weeks after entry of the judgment is "reasonable" under to 28 U.S.C. § 1610(c). *See, e.g.*, *Elliott Assocs., L.P. v. Banco De La Nacion*, No. 96 CIV. 7916 RWS, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (ten days is reasonable); *Ned Chartering*, 130 F. Supp. 2d at 67 (six weeks is reasonable).

Here, it has been 18 months. The SDNY Judgment was entered on December 3, 2020, which itself was over a year after the arbitration tribunal issued the Award. Further, the Defendants consented voluntarily to the entry of the SDNY Judgment in exchange for ConocoPhillips' agreement to refrain from this enforcement action for a period of 18 months following entry of the SDNY Judgment.[10] That period has now elapsed.

Under the circumstances, where the Defendants agreed to the entry of the SDNY Judgment, where the Plaintiff delayed enforcement for 18 months, where the Defendants have made no

---

[10] Ex. 5, Green Decl.

attempt to satisfy any portion of the judgment in the meantime, and where the process for the sale of the PDVH Shares is progressing before this Court, it would be unreasonable to require any further passage of time.  *See Crystallex International Corporation v. Bolivarian Republic of Venezuela*, 1:17-mc-00151-LPS (D. Del. Jan. 14, 2021), D.I. No. 235 (ordering the process for the sale of the PDVH shares to move forward).  Indeed, the sale process order currently under consideration by the Court in *Crystallex* imposes a deadline for additional judgments to be added to the sale process.  *Id.* D.I. 451-1 ¶ 29.  For those reasons, ConocoPhillips respectfully requests the Court to order that the time requirement of 28 U.S.C. § 1610(c) has been satisfied.

**B.      PDVSA is Engaged in Commercial Activity in the United States**

To attach property owned by a foreign state, Section 1610 of the FSIA requires that the property be "used for a commercial activity in the United States."  *See* 28 U.S.C. § 1610(a).  However, to attach property owned by an agency or instrumentality of a foreign state, the FSIA requires only that the agency or instrumentality be "engaged in commercial activity in the United States." 28 U.S.C. § 1610(b).  "[T]he property of an agency or instrumentality of a foreign state is afforded narrower protection from execution than the property of the foreign state itself." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 415 (D. Del. 2018), *aff'd and remanded*, 932 F.3d 126 (3d Cir. 2019) (quoting *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 289-90 (2d Cir. 2011)). *See also* 28 U.S.C. § 1610(b).

In *Crystallex*, the Court found, and the Third Circuit affirmed, that the PDVH Shares were used for commercial activity in the United States.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 417–18 (D. Del. 2018), *aff'd and remanded*, 932 F.3d 126 (3d Cir. 2019) ("the PDVH shares are being 'used for a commercial purpose' by PDVSA . . . in the United States" . . . As Crystallex states, 'it is difficult to imagine property with more of a

commercial use than shares of a Delaware for-profit corporation that itself owns, through an intermediate holding company, a multi-billion dollar Delaware petroleum corporation'").

That finding goes further than what is required here, since, unlike *Crystallex* which was decided under § 1610(a), § 1610(b) applies here.  By its commercial use of the PDVH Shares, PDVSA is also necessarily "engaged in commercial activity in the United States."  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 151 (3d Cir. 2019) (PDVH Shares "can still be used by PDVSA to run its business as an owner, to appoint directors, approve contracts, and to pledge PDVH's debts for its own short-term debt.").  There can be no dispute that PDVSA is engaged in commercial activity for purposes of Section 1610(b).

## C.     PDVSA Owns Property in Delaware

PDVSA's 100% ownership of the PDVH Shares is undisputed.  The PDVH Shares are located as a matter of law in Delaware.  Delaware law provides that, "[f]or . . . purposes of . . . attachment [and] garnishment . . . the situs of the ownership of capital stock of all corporations existing under the laws of this State . . . shall be regarded as in this State." 8 *Del. C.* § 169; *see also Alberta Sec. Comm'n v. Ryckman*, 2015 WL 2265473, at *10 (Del. Super. Ct. May 5, 2015), *aff'd*, 127 A.3d 399 (Del. 2015) ("For attachment and garnishment purposes, the situs of ownership in a Delaware corporation is Delaware.").

## D.     PDVSA Is Not Entitled to Immunity under the FSIA

Under section 1610(b) of the FSIA, the PDVH Shares are not immune from attachment if PDVSA "has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly."  28 U.S.C. § 1610(b)(1).

PDVSA waived immunity from attachment or execution in the underlying agreements that also provided for arbitration.  In the underlying agreements and in the related guarantees given by

9

PDVSA, each of the PDVSA affiliates and PDVSA itself "irrevocably agree[d] not to invoke [immunity from attachment in aid of execution] as a defense, and irrevocably waive[d] such immunity."[11]

### III.    OFAC Sanctions do not bar ConocoPhillips' requested relief

The relief requested by ConocoPhillips does not violate OFAC regulations.  As the Court has already held, in *Phillips Petroleum Co. Venezuela Ltd. v. Petroleos de Venezuela S.A. et al.*, C.A. No. 19-mc-342 (D. Del. Mar. 2, 2022), D.I. 42 at 12, "nothing prevents the Court from authorizing the eventual issuance of a writ of attachment."  The requested relief — the entry of an order authorizing the issuance of a *fi fa* writ conditioned on the situation with sanctions and licensing — does not constitute a prohibited "transfer" of blocked property. *Id.* at 14.

### CONCLUSION

For the foregoing reasons, ConocoPhillips respectfully requests the Court enter its proposed order, authorizing the issuance of the proposed *fi fa* writ upon receipt of evidence that either the OFAC sanctions regime has been lifted or materially changed, or that a license has been granted to ConocoPhillips.

---

[11] Ex. 6, Green Decl., Exhibit D of SDNY Petition, Guarantee of Proper Performance, Annex G-2 at 7

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com

Dated:  June 15, 2022

ROSS ARONSTAM & MORITZ LLP

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiff*

11