IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONOCOPHILLIPS GULF OF PARIA B.V., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 22-mc-00264-LPS |
| | : | |
| CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A. and PETRÓLEOS DE VENEZUELA, S.A., | : : : | |
| | : | |
| Defendants. | : | |

**PETRÓLEOS DE VENEZUELA, S.A.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS CROSS-MOTION TO DISMISS AND TO VACATE
THE REGISTERED JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION
<u>FOR AN ORDER AUTHORIZING THE ISSUANCE OF A WRIT OF *FIERI FACIAS*</u>**

OF COUNSEL:

Joseph D. Pizzurro
Julia B. Mosse
Kevin A. Meehan
Juan O. Perla
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
jmosse@curtis.com
kmeehan@curtis.com
jperla@curtis.com

June 29, 2022

HEYMAN ENERIO GATTUSO & HIRZEL LLP
Samuel T. Hirzel, II (#4415)
Aaron M. Nelson (#5941)
Jamie L. Brown (#5551)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
anelson@hegh.law
jbrown@hegh.law

*Attorneys for Defendant
Petróleos de Venezuela, S.A.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ........................................................................1

SUMMARY OF ARGUMENT ................................................................................................3

STATEMENT OF FACTS .......................................................................................................4

ARGUMENT ............................................................................................................................6

    I.    OFAC SANCTIONS PROHIBIT THE ISSUANCE
        OF A CONDITIONAL WRIT OF ATTACHMENT .......................................................6

    II.   OFAC SANCTIONS PROHIBIT REGISTRATION
        OF A JUDGMENT IN THE DELAWARE
        DISTRICT COURT UNDER 28 U.S.C. § 1963 ................................................................7

    III.  THE ATTACHMENT MOTION IS NOT JUSTICIABLE..............................................7

    IV.  THE ATTACHMENT MOTION SHOULD BE DENIED
         PURSUANT TO SECTION 1610(c) OF THE FSIA .......................................................8

CONCLUSION..........................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Dean Witter Reynolds, Inc. v. Fernandez*,
 741 F.2d 355 (11th Cir. 1984) ............................................................................................... 7

*Kisor v. Wilkie*,
 139 S. Ct. 2400 (2019) ........................................................................................................... 6

*Lujan v. Defs. of Wildlife*,
 504 U.S. 555 (1992) ............................................................................................................... 8

*OI Eur. Grp., B.V. v. Bolivarian Republic of Venezuela*,
 Misc. No. 19-290-LPS, 2022 U.S. Dist. LEXIS 36631
 (D. Del. Mar. 2, 2022) ........................................................................................................... 2

*OI Eur. Grp., B.V. v. Bolivarian Republic of Venezuela*,
 Misc. No. 19-290-LPS, 2022 U.S. Dist. LEXIS 80725
 (D. Del. May 4, 2022) ........................................................................................................... 2

*Red Tree Invs., LLC v. Petróleos de Venezuela, S.A., et al.*,
 Misc. Nos. 22-68-LPS & 22-69-LPS, 2022 U.S. Dist. LEXIS 77742
 (D. Del. Apr. 28, 2022) .......................................................................................................... 2

*Trump v. New York*,
 141 S. Ct. 530 (2020) ............................................................................................................. 8

**STATUTES**

28 U.S.C. § 1292(b) .................................................................................................................... 5

28 U.S.C. § 1610(c) ............................................................................................................... 4, 8

28 U.S.C. § 1962 ......................................................................................................................... 7

28 U.S.C. § 1963 ..................................................................................................................... 3, 7

**OTHER AUTHORITIES**

31 C.F.R. § 591.202 .................................................................................................................... 7

31 C.F.R. § 591.309 .................................................................................................................... 6

31 C.F.R. § 591.310 ................................................................................................................. 6, 7

31 C.F.R. § 591.407 .................................................................................................................... 6

Exec. Order No. 13850, 83 Fed. Reg. 55,243 (Nov. 1, 2018) ..................................................... 6

Fed. R. Civ. P. 60(b)(4) ........................................................................................................... 1, 3

U.S. Dep't of Treasury, *OFAC FAQs: General Questions, FAQ No. 808* (Dec. 9, 2019) ............ 6

ii

Defendant Petróleos de Venezuela, S.A. ("PDVSA") respectfully submits this memorandum of law in support of its motion to dismiss this proceeding for lack of subject matter jurisdiction and to vacate the registered judgment docketed by this Court on June 15, 2022 (D.I. 1) pursuant to Fed. R. Civ. P. 60(b)(4) and in opposition to plaintiff ConocoPhillips Gulf of Paria B.V.'s ("Plaintiff") Motion for an Order Authorizing the Issuance of a Writ of *Fieri Facias* (D.I. 2) (the "Attachment Motion"), which seeks the issuance of a conditional writ of attachment against PDVSA's shares of PDV Holding, Inc. ("PDVH").[1]

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff is a judgment creditor of PDVSA and of defendant Corporación Venezolana del Petróleo, S.A. Plaintiff's judgment stems from an arbitral award that was confirmed and recognized by the U.S. District Court for the Southern District of New York on December 3, 2020. D.I. 3 at 1. On June 15, 2022, Plaintiff commenced this proceeding by registering its judgment with this Court (D.I. 1) (the "Registered Judgment") and filing the Attachment Motion. Plaintiff seeks to enforce the Registered Judgment with an order authorizing the eventual issuance of a writ of attachment *fieri facias* ("*fi fa* writ") against the PDVH shares that is conditioned upon the lifting of sanctions imposed by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") or OFAC's grant of a specific license to Plaintiff. D.I. 3 at 6.

---

[1] On June 24, 2022, PDVSA filed a motion to stay briefing on the Attachment Motion and to hold the Attachment Motion in abeyance pending resolution of the potential interlocutory appeal(s) to the Third Circuit from the Court's recent decisions in related cases. *See* D.I. 8. Because the Court has not yet ruled on PDVSA's motion to stay, PDVSA files the instant cross-motion and opposition out of an abundance of caution and while expressly preserving its position that a stay should be granted.

While PDVSA maintains and incorporates by reference its position set forth in its briefs in related cases[2] that the OFAC sanctions regime requires vacatur of the Registered Judgment, denial of the Attachment Motion, and dismissal of this proceeding, and that the Attachment Motion is not justiciable under Article III of the U.S. Constitution, PDVSA acknowledges that the Court's March 2, 2022 and April 28, 2022 decisions in the Related Cases hold otherwise. *See OI Eur. Grp., B.V. v. Bolivarian Republic of Venezuela*, Misc. No. 19-290-LPS, 2022 U.S. Dist. LEXIS 36631 (D. Del. Mar. 2, 2022) ("March 2 Opinion"); *OI Eur. Grp.*, Misc. No. 19-290-LPS, D.I. 110 (D. Del. Mar. 2, 2022) ("March 2 Order"); *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A., et al.*, Misc. Nos. 22-68-LPS & 22-69-LPS, 2022 U.S. Dist. LEXIS 77742 (D. Del. Apr. 28, 2022) ("April 28 Order"). Those decisions were certified for interlocutory appeal by this Court and are the subject of PDVSA's pending petition for permission to appeal under 28 U.S.C. § 1292(b). *See OI Eur. Grp., B.V. v. Bolivarian Republic of Venezuela*, Misc. No. 19-290-LPS, 2022 U.S. Dist. LEXIS 80725 (D. Del. May 4, 2022) ("Certification Order"); Case No. 22-8027 (3d Cir.).

As set forth in PDVSA's motion to stay, D.I. 8, there is no reason why the Attachment Motion should be granted and a second, identical interlocutory appeal should be sought, rather than simply holding Plaintiff's Attachment Motion in abeyance pending resolution of the already-filed Section 1292(b) petition and any ensuing appeal. However, if the Court is inclined to grant

---

[2] *See Phillips Petroleum Co. Venezuela Ltd., et al. v. Petróleos de Venezuela, S.A., et al.*, Misc. No. 19-342-LPS, D.I. 11 (D. Del. Jan. 6, 2020); *id.*, D.I. 33 (D. Del. Feb. 16, 2021); *id.*, D.I. 36 (D. Del. Mar. 9, 2021); *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, Misc. No. 19-290-LPS, D.I. 65 (D. Del. Apr. 2, 2021); *id.*, D.I. 95 (D. Del. May 25, 2021); *id.*, D.I. 101 (D. Del. June 1, 2021); *Northrop Grumman Ship Sys., Inc. v. Bolivarian Republic of Venezuela*, Misc. No. 19-257-LPS, D.I. 32 (D. Del. Apr. 2, 2021); *id.*, D.I. 51 (D. Del. May 25, 2021); *id.*, D.I. 53 (D. Del. June 1, 2021); *ACL1 Invs. Ltd., et al. v. Bolivarian Republic of Venezuela*, Misc. No. 21-46-LPS, D.I. 22 (D. Del. Jan. 21, 2022); *id.*, D.I. 32 (D. Del. Feb. 4, 2022); *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A., et al.*, Misc. Nos. 22-68-LPS & 22-69-LPS, D.I. 10 (D. Del. Mar. 1, 2022); *id.*, D.I. 14 (D. Del. Mar. 14, 2022). These cases are hereinafter referred to as the "Related Cases."

Plaintiff any relief, PDVSA does not contest, subject to its rights of appeal, entry of an order in the instant case that is consistent with the March 2 Order and the April 28 Order.  In the event that the Court does enter such an order, or grant Plaintiff any relief, PDVSA respectfully requests that the Court certify its decision for interlocutory appeal.

## SUMMARY OF ARGUMENT[3]

1. Plaintiff cannot obtain the relief it seeks—an order authorizing the issuance of a writ of attachment conditioned on OFAC's grant of a specific license or the lifting of OFAC sanctions—without *first* obtaining a specific license from OFAC.  OFAC regulations prohibit the creation of *any* right or interest in the PDVH shares, including contingent interests, and *any* judicial process that has the purpose, intent, or effect of altering, directly or indirectly, any interest in the PDVH shares, absent a specific license.  Plaintiff does not have such a license, and thus, the Attachment Motion must be denied.

2. The OFAC sanctions regime requires vacatur of the Registered Judgment.  Plaintiff already has violated OFAC regulations by registering its judgment in this Court under 28 U.S.C. § 1963 for the purpose of enforcing it by attaching the PDVH shares, including because registering a judgment automatically creates a judicial lien over any real property owned by PDVSA in Delaware now or in the future.  The Registered Judgment is thus considered null and void under OFAC regulations and should be vacated by this Court pursuant to Fed. R. Civ. P. 60(b)(4).

3. The Attachment Motion is not justiciable under Article III of the U.S. Constitution because, in light of the OFAC sanctions regime, a favorable decision would not redress Plaintiff's

---

[3] PDVSA acknowledges that the arguments made in this memorandum of law are inconsistent with the Court's holdings in its March 2 Order and April 28 Order.  Nonetheless, PDVSA makes the arguments for purposes of preservation.  For that reason, PDVSA does not repeat here all of the arguments made in its prior briefs in the Related Cases and instead incorporates them by reference.

3

purported injury, but would merely provide a speculative entitlement that may never have any actual real-world effect.

4.  The Attachment Motion should be denied pursuant to 28 U.S.C. § 1610(c) because it is unreasonable for Plaintiff to commence enforcement proceedings before obtaining the necessary authorization from OFAC or until OFAC lifts the relevant sanctions.

## **STATEMENT OF FACTS**

On March 2, 2022, in response to attachment motions filed by judgment creditors of the Bolivarian Republic of Venezuela (the "Republic") and PDVSA,[4] this Court held that "the OFAC sanctions regime does not require a specific license before the Court may enter an order authorizing the eventual issuance of a writ of attachment" where issuance is "conditioned on receipt of evidence" that a specific license from OFAC has been obtained "or that the sanctions regime has materially changed." March 2 Opinion, 2022 U.S. Dist. LEXIS 36631 at *25, 30. The Court also rejected PDVSA's arguments that a specific OFAC license is required before a creditor of PDVSA or the Republic can register its judgment in the Delaware District Court and that the attachment motions are not justiciable under Article III of the U.S. Constitution. *Id.* at *12-17, *26-27. As a result of those rulings, the Court issued its corresponding March 2 Order, which granted in part ConocoPhillips' attachment motion, ordering that, under 28 U.S.C. § 1610(c), a "reasonable period of time has elapsed following entry of judgment in favor of" ConocoPhillips and that, "[u]pon the Court's receipt of evidence that" OFAC "has either (i) authorized the issuance and service of a writ of attachment or (ii) removed the sanctions under which the PDVH Shares are currently

---

[4] Included among the creditors that filed an attachment motion were Plaintiff's affiliates, Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips"). ConocoPhillips holds a separate judgment against PDVSA that is distinct from Plaintiff's Registered Judgment and commenced a separate proceeding to enforce its judgment that is docketed as *Phillips*, Misc. No. 19-342-LPS (D. Del.).

4

blocked property, then the Clerk of this Court is authorized to affix its original signature and seal" on the *fi fa* writ. *See* March 2 Order at 2. The court directed the Clerk of the Court not to issue or serve the writ until it received further instruction. *Id.*

In the April 28 Order in *Red Tree*, the Court held that Red Tree was entitled to the same relief as ConocoPhillips—as both hold judgments against PDVSA and do not need to establish that PDVSA is the alter ego of the Republic—and granted in part Red Tree's attachment motion. *See* April 28 Order, 2022 U.S. Dist. LEXIS 77742, at *3-4, *9.

On May 4, 2022, this Court held that its ruling that OFAC sanctions do not prohibit the issuance of a writ of attachment conditioned on OFAC approval met all of the requirements of 28 U.S.C. § 1292(b) and certified its March 2 Order and April 28 Order for interlocutory appeal. *See* Certification Order, 2022 U.S. Dist. LEXIS 80725. On May 17, 2022, PDVSA filed a petition for permission to appeal the March 2 Order and April 28 Order with the U.S. Court of Appeals for the Third Circuit, arguing that this Court's OFAC and justiciability rulings warrant immediate appellate review. *See* Case No. 22-8027 (3d Cir.). To date, that petition remains *sub judice*.[5]

On June 15, 2022, the same day that Plaintiff filed its Attachment Motion, this Court entered a Memorandum Order in *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*—a related enforcement action filed by a judgment creditor of the Republic—granting PDVSA's motion to stay briefing on Rusoro's attachment motion in light of the potential interlocutory appeal(s) from the Court's March 2 decisions and ordering that Rusoro's motion "will be held in abeyance until further order of the Court, which likely will not be issued until after the Court of

---

[5] Also *sub judice* in the Third Circuit is a petition by the Republic, PDVSA, PDVH and CITGO Petroleum Corporation for permission to appeal this Court's March 2, 2022 order in *Crystallex*. *See* Case No. 22-8024 (3d Cir.). PDVSA's petition to appeal the March 2 Order and the petition to appeal the March 2 *Crystallex* decision, along with certain other petitions filed by creditors of the Republic, have been consolidated for disposition by the same panel.

Appeals for the Third Circuit determines whether it will certify an interlocutory appeal from the recent decisions in related matters." Misc. No. 21-481-LPS, D.I. 20 at ¶¶ 2-3 (D. Del. June 15, 2022) (citing March 2, 2022 decisions in *OI Eur. Grp.*, Misc. No. 19-290-LPS and *Crystallex*, Misc. No. 17-151-LPS, as certified on May 4, 2022).

## ARGUMENT

### I. OFAC SANCTIONS PROHIBIT THE ISSUANCE OF A CONDITIONAL WRIT OF ATTACHMENT

PDVSA incorporates by reference the arguments made in its previously-filed briefs in the Related Cases. *See* note 2, *supra*. As PDVSA explained, OFAC regulations prohibit the grant of a "conditional" *fi fa* writ against the PDVH shares. Indeed, the President has "blocked" the PDVH shares and OFAC regulations prohibit "the enforcement of any . . . judgment . . . through . . . judicial process purporting to transfer or otherwise alter or affect property or interests in [blocked] property." Exec. Order No. 13850, 83 Fed. Reg. 55,243 (Nov. 1, 2018); 31 C.F.R. § 591.407. The regulations provide that forbidden "transfer[s]" include any "act or transaction" or "issuance, docketing, or filing of . . . any judgment, decree, attachment" or other "judicial … process or order" "the purpose, intent, or effect of which is to create . . . or alter, directly or indirectly, any right . . . or interest," including "contingent" interests, in blocked property. 31 C.F.R. §§ 591.309, 591.310. Consistent with the plain language of the regulations, OFAC's authoritative guidance states that a specific license "is required" for "the purported creation of any … contingent or inchoate interests[] in blocked property." U.S. Dep't of Treasury, *OFAC FAQs: General Questions, FAQ No. 808* (Dec. 9, 2019) (FAQ 808), https://home.treasury.gov/policy-issues/financial-sanctions/faqs/808; *see Kisor v. Wilkie*, 139 S. Ct. 2400, 2414-18 (2019). Plaintiff's requested relief would create a prohibited contingent interest in the PDVH shares, and would alter or affect

6

PDVSA's interest in the PDVH shares, and is therefore prohibited by OFAC regulations. For these reasons, the Attachment Motion must be denied.

## II. OFAC SANCTIONS PROHIBIT REGISTRATION OF A JUDGMENT IN THE DELAWARE DISTRICT COURT UNDER 28 U.S.C. § 1963

PDVSA incorporates by reference the arguments made in its previously-filed briefs in *Phillips* and *Red Tree*.[6] As PDVSA explained, OFAC regulations prohibit, absent a specific license, "the issuance, docketing, or filing of … any judgment … ." *See* 31 C.F.R. § 591.310. Thus, a specific license was required *before* Plaintiff registered its judgment with the Court under § 1963. Because Plaintiff does not have such a license, its Registered Judgment should be vacated as "null and void." 31 C.F.R. § 591.202; *see also Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 361-62 (11th Cir. 1984). Further, as PDVSA argued in opposition to Red Tree's attachment motion, under 28 U.S.C. § 1962 and Delaware law, registration of a judgment in Delaware automatically creates a prohibited judgment lien on any real property that the judgment debtor owns or may acquire in Delaware. *Red Tree*, Misc. Nos. 22-68-LPS & 22-69-LPS, D.I. 10 at 13-14; *id.*, D.I. 14 at 1-2. Accordingly, Plaintiff's Registered Judgment should be vacated as null and void and the Attachment Motion should be dismissed.

## III. THE ATTACHMENT MOTION IS NOT JUSTICIABLE

PDVSA incorporates by reference the arguments made in its previously-filed briefs in the Related Cases. *See* note 2, *supra*. As PDVSA explained, it is undisputed that OFAC regulations prohibit the actual attachment of the PDVH shares such that an OFAC license is required, or the sanctions must be lifted, for any judgment creditor of PDVSA or the Republic to be granted the ultimate relief that they seek—attachment of the PDVH shares. And there is no guarantee that

---

[6] *See Phillips*, Misc. No. 19-342-LPS, D.I. 11 (D. Del. Jan. 6, 2020); *id.*, D.I. 33 (D. Del. Feb. 16, 2021); *id.*, D.I. 36 (D. Del. Mar. 9, 2021); *Red Tree*, Misc. Nos. 22-68-LPS & 22-69-LPS, D.I. 10 (D. Del. Mar. 1, 2022); *id.*, D.I. 14 (D. Del. Mar. 14, 2022).

7

OFAC will ever grant the requisite specific license or that the sanctions will ever be lifted. The Attachment Motion, therefore, does not satisfy the justiciability requirements of Article III, including because the requested relief would not redress Plaintiff's injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561-62 (1992). Instead, it remains "merely speculative" that Plaintiff's asserted injury will ever be "redressed by" a conditional writ of attachment whose benefit to Plaintiff may never materialize. *Id.* at 561. Likewise, the speculative nature of these issues also creates a ripeness problem, as resolving the questions that come with issuing a writ of attachment here will be an academic exercise that provides no relief unless an OFAC license is issued or the sanctions regime changes. *See Trump v. New York*, 141 S. Ct. 530, 535 (2020).

## IV. THE ATTACHMENT MOTION SHOULD BE DENIED PURSUANT TO SECTION 1610(c) OF THE FSIA

PDVSA incorporates by reference the arguments made in its previously-filed briefs in the Related Cases. *See* note 2, *supra*. As PDVSA explained, the Foreign Sovereign Immunities Act directs that "no attachment or execution … shall be permitted until he court has … determined that a reasonable period of time has elapsed following the entry of judgment." 28 U.S.C. § 1610(c). Here, OFAC sanctions prevent Plaintiff from enforcing its judgment. Thus, unless and until Plaintiff obtains a specific license from OFAC, it would be unreasonable to allow enforcement proceedings to commence.

Notwithstanding, as PDVSA stated in its motion to stay, while preserving its rights of appeal, PDVSA does not object to entry of an order, consistent with the March 2 Order and the April 28 Order, that a reasonable period of time has elapsed following entry of judgment for purposes of Section 1610(c). *See* D.I. 8 at 5.

## **CONCLUSION**

For the reasons set forth above, PDVSA respectfully requests that the Court vacate the Registered Judgment, deny the Attachment Motion, and dismiss this proceeding. In the event that the Court is inclined to grant Plaintiff any relief, while expressly preserving all of its rights and defenses, including its rights of appeal, PDVSA consents to relief consistent with the March 2 Order and April 28 Order, and respectfully requests that the Court certify its decision for interlocutory appeal.

Respectfully submitted,

| OF COUNSEL: | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|---|---|
| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP | */s/ Samuel T. Hirzel, II* |
| Joseph D. Pizzurro | Samuel T. Hirzel, II (# 4415) |
| jpizzurro@curtis.com | shirzel@hegh.law |
| Julia B. Mosse | Aaron M. Nelson (# 5941) |
| jmosse@curtis.com | anelson@hegh.law |
| Kevin A. Meehan | Jamie L. Brown (# 5551) |
| kmeehan@curtis.com | jbrown@hegh.law |
| Juan O. Perla | 300 Delaware Avenue, Suite 200 |
| jperla@curtis.com | Wilmington, DE 19801 |
| 101 Park Avenue | (302) 472-7300 |
| New York, NY 10178 | |
| (212) 696-6000 | *Attorneys for Petróleos de Venezuela, S.A.* |

Dated: June 29, 2022