IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS GULF OF PARIA B.V.,<br><br>Plaintiff,<br><br>v.<br><br>CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A.,<br><br>Defendants. | 1:22-mc-00264-LPS |

**CONOCOPHILLIPS GULF OF PARIA B.V.'S OPPOSITION
TO PETRÓLEOS DE VENEZUELA, S.A.'S MOTION TO STAY
BRIEFING ON PLAINTIFF'S ATTACHMENT MOTION**

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
lydia.halpern@kobrekim.com

Dated:  July 8, 2022

ROSS ARONSTAM & MORITZ LLP

Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiff*

Judgment creditor ConocoPhillips Gulf of Paria B.V. ("ConocoPhillips") respectfully submits this opposition to Petróleos de Venezuela, S.A.'s ("PDVSA's") motion to stay briefing on ConocoPhillips' request for a writ of *fieri facias* ("*fi fa* writ") against the shares of PDV Holding, Inc. ("PDVH") owned by PDVSA.  D.I. 8 (the "Motion").

## BACKGROUND

ConocoPhillips is a judgment creditor of PDVSA and Corporación Venezolana del Petróleo, S.A. ("CVP").  On June 15, 2022, pursuant to 28 U.S.C. § 1963, ConocoPhillips registered with this Court an approximately US $50 million judgment entered by the United States District Court for the Southern District of New York against PDVSA and CVP.  D.I. 1 (the "Corocoro Judgment").  Together with this registration, ConocoPhillips moved this Court for: (i) a determination that, under 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following entry of the Corocoro Judgment; and (ii) an order granting a conditional issuance of a *fi fa* writ against the shares of PDVH on the same terms authorized by this Court in similar actions.  D.I. 2 (the "Corocoro Motion").

In addition to the Corocoro Judgment, on November 26, 2019, ConocoPhillips affiliates registered a separate judgment against PDVSA.  *See Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. v. Petroleos de Venezuela, S.A. et al.*, No. 19-mc-342-LPS ("*Phillips Petroleum*").  The ConocoPhillips plaintiffs in that action also moved for a *fi fa* writ against PDVSA's shares of PDVH in satisfaction of that judgment.  *Phillips Petroleum*, D.I. 2.

On March 2, 2022, the Court issued an opinion and order in *Phillips Petroleum* and in certain other enforcement matters, in pertinent part, partially granting the ConocoPhillips plaintiffs' request for a *fi fa* writ, ordering such writ to be issued upon submission to the Court of

evidence that either the plaintiffs had obtained the requisite OFAC license or that the OFAC sanctions had been lifted.  *Phillips Petroleum*, D.I. 43.  The Court also held that mere registration of a judgment under 28 U.S.C. § 1963 did not require any OFAC licensing.  *Id.*  On April 28, 2022, in *Red Tree Investments LLC v. Petroleos de Venezuela S.A. et al.*, C.A. No. 22-mc-00068-LPS ("*Red Tree*"), an action by another judgment creditor of PDVSA, the Court granted identical relief.  *Red Tree*, D.I. 15.

On May 4, 2022, the Court certified two questions for interlocutory appeal to the Third Circuit:  (i) whether OFAC sanctions bar the Court from authorizing the eventual issuance of a writ of attachment with respect to the PDVH shares (conditioned upon a specific license from OFAC or a change in the Venezuelan sanctions regime); and (ii) what is the  relevant time frame for purposes of an *alter ego* analysis with respect to the efforts of judgment creditors of Venezuela.  *Phillips Petroleum*, D.I. 46.  Because the Corocoro Judgment is against PDVSA directly, there is no need to conduct an *alter ego* analysis and the second question has no bearing on this case.

On May 16, 2022, PDVSA petitioned the Third Circuit for interlocutory appeal of two additional issues:  (i) whether OFAC sanctions prohibit registration of a judgment against PDVSA; and (ii) whether the ConocoPhillips plaintiffs' and other judgment creditors' post-judgment motions are justiciable in light of the OFAC sanctions.

On June 15, 2022, the Court entered an order in *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, C.A. No. 21-mc-481-LPS ("*Rusoro*"), another enforcement action by a judgment creditor of Venezuela.  In that case, the Court held Rusoro's enforcement motion "in abeyance until further order of the Court, which likely will not be issued until after the Court of Appeals for the Third Circuit determines whether it will certify an interlocutory appeal from the recent decisions in related matters."  *Rusoro*, D.I. 20.

On June 24, 2022, PDVSA filed the instant Motion, asking the Court to stay briefing on the Corocoro Motion. D.I. 8. PDVSA argued, "consistent with the Court's ruling in *Rusoro*, there is no reason to require the parties to brief and the Court to decide [the Corocoro Motion]." *Id.* at 4. In that submission, PDVSA consented to entry of an order finding that a reasonable period of time has passed under 28 U.S.C. § 1610(c) with respect to the Corocoro Judgment. *Id.* at 5.

Then, on June 29, 2022, PDVSA filed a separate opposition to the Corocoro Motion and cross-moved to vacate the registration of the Corocoro Judgment. D.I. 12. PDVSA repeated its arguments made in *Phillips Petroleum* and in other enforcement actions. *Id.* Although it opposes the Corocoro Motion, PDVSA also states as a backup position that, if the Court is inclined to grant any relief to ConocoPhillips in this action, PDVSA is willing to consent to the entry of an order consistent with the March 2 order in *Phillips Petroleum* and the April 28 order in *Red Tree*, so long as the Court certifies it for interlocutory appeal. *Id.* at 9 ("In the event that the Court is inclined to grant Plaintiff any relief, while expressly preserving all of its rights and defenses, including its rights of appeal, PDVSA consents to relief consistent with the March 2 Order and April 28 Order, and respectfully requests that the Court certify its decision for interlocutory appeal.").

## **ARGUMENT**

ConocoPhillips requests that the Court deny PDVSA's Motion and dispose of the Corocoro Motion for a conditional *fi fa* writ on the papers by granting ConocoPhillips the identical relief the Court has already granted in two similar cases, *Phillips Petroleum* and *Red Tree*.

As a preliminary matter, PDVSA does not even attempt to address, much less satisfy, the legal requirements to obtain a stay of proceedings in this action. *See* D.I. 8 at 4-5. The Court should deny PDVSA's Motion on that basis alone.

As a practical matter, there is no basis for a stay. ConocoPhillips' Corocoro Judgment (like the judgment in *Phillips Petroleum*) is against PDVSA directly. There are no complex *alter ego* issues to be briefed and resolved in this case, unlike in *Rusoro*. PDVSA has *already* substantively briefed its opposition and cross-moved to vacate the Corocoro Judgment. *See* D.I. 12. Further, as mentioned above and for purposes of appeal, PDVSA implicitly acknowledges the utility of an order on the Corocoro Motion consistent with the March 2 order in *Phillips Petroleum* and the April 28 order in *Red Tree*, so long as the Court certifies it for interlocutory appeal. *Id.* at 9.

There are additional reasons the Court should deny PDVSA's Motion. The Court is intimately familiar with and has already ruled on all the issues presented by ConocoPhillips' Corocoro Motion, further illustrating the lack of any need to stay these proceedings. Completing the straightforward briefing for the Court to decide this action should not impose any further substantial burdens. Instead, to serve the interests of efficiency and to give effect to ConocoPhillips' rights under Delaware post-judgment law and procedures (except as limited by the current sanctions regime), the Court should decide this matter consistently with *Phillips Petroleum* and *Red Tree*.

The Court can address the issues raised by PDVSA in its stay request by certifying its decision for interlocutory appeal, as it already did with *Phillips Petroleum* and *Red Tree*. PDVSA's request to appeal from that decision could be consolidated with its pending petitions to appeal the March 2 orders in *Phillips Petroleum* and in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-151-LPS ("*Crystallex*"), along with other pending petitions filed by certain creditors of Venezuela and Venezuelan state-owned entities. The Court's entry of an order granting the Corocoro Motion on the same terms as already authorized in *Phillips Petroleum* and *Red Tree* would also serve to guide the proceedings and the Special Master in

*Crystallex* with respect to adding additional judgments "in accordance with applicable law" to the PDVH share sale currently contemplated by the Fourth Proposed Sale Procedures Order in *Crystallex*. *See Crystallex*, D.I. 451-1 at 24.

## **CONCLUSION**

For the foregoing reasons, ConocoPhillips respectfully requests that this Court deny PDVSA's motion to stay briefing on the Corocoro Motion.

|  |  |
|---|---|
|  | ROSS ARONSTAM & MORITZ LLP |
|  |  |
|  | */s/ Garrett B. Moritz* |
| *Of Counsel*: | Garrett B. Moritz (Bar No. 5646) |
|  | Elizabeth M. Taylor (Bar No. 6468) |
| Michael S. Kim | Hercules Building |
| Marcus J. Green | 1313 North Market Street, Suite 1001 |
| Lydia L. Halpern | Wilmington, DE 19801 |
| KOBRE & KIM LLP | (302) 576-1600 |
| 800 Third Avenue | gmoritz@ramllp.com |
| New York, NY 10022 | etaylor@ramllp.com |
| (212) 488-1200 |  |
| michael.kim@kobrekim.com | *Attorneys for Plaintiff* |
| marcus.green@kobrekim.com |  |
| lydia.halpern@kobrekim.com |  |

Dated: July 8, 2022