**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CONOCOPHILLIPS GULF OF PARIA B.V.,<br><br>Plaintiff,<br><br>v.<br><br>CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A.,<br><br>Defendants. | Case No. 1:22-mc-00264-LPS |

**CONOCOPHILLIPS GULF OF PARIA B.V.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR AN ORDER AUTHORIZING ISSUANCE OF A WRIT OF *FIERI FACIAS* AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO DISMISS AND VACATE THE REGISTERED JUDGMENT**

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
lydia.halpern@kobrekim.com

ROSS ARONSTAM & MORITZ LLP

Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiff*

Dated: July 13, 2022

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .......... 1

SUMMARY OF ARGUMENT .......... 2

BACKGROUND .......... 2

ARGUMENT .......... 3

I. OFAC Sanctions Do Not Prohibit Registration of the Delaware Judgment .......... 3

II. OFAC Sanctions Do Not Prohibit the Relief Requested .......... 3

III. The Motion Is Justiciable and Ripe for Decision .......... 4

IV. Collateral Estoppel Forecloses PDVSA's Arguments .......... 5

CONCLUSION .......... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*,
458 F.3d 244 (3d Cir. 2006) .......... 5

*Nat'l Oil Corp. v. Libyan Sun Oil Co.*,
733 F. Supp. 800 (D. Del. 1990) .......... 4

*Parklane Hosiery Co. v. Shore*,
439 U.S. 322 (1979) .......... 5

*Peacock v. Thomas*,
516 U.S. 349 (1996) .......... 5

*Phillips Petroleum Co. Venezuela Ltd. v. Petróleos de Venezuela S.A. et al.*,
C.A. No. 19-mc-00342-LPS (D. Del. 2022) .......... *passim*

*PSC. Inc. v. Londergan*,
1985 WL 189266 (Del. Super. Ct. Sept. 11, 1985) .......... 4

*Red Tree Investments LLC v. Petróleos de Venezuela S.A. et al.*,
C.A. No. 22-mc-00068-LPS (D. Del. 2022) .......... 1, 2, 3, 4

**Regulations**

31 C.F.R. § 591.407 .......... 3, 4

31 C.F.R. § 594.201 .......... 4

ConocoPhillips Gulf of Paria B.V. ("ConocoPhillips") respectfully submits this reply brief in further support of its motion for an order authorizing the issuance of a writ of *fieri facias* (the "Motion") (D.I. 2) and in opposition to the cross-motion (D.I. 12) brought by Petróleos de Venezuela, S.A. ("PDVSA"). By the Motion and as explained below and in ConocoPhillips' opening brief (the "Opening Brief") (D.I. 3), ConocoPhillips asks the Court to authorize the issuance of a post-judgment writ of *fieri facias* ("*fi fa* writ") against PDVSA's shares of PDV Holding, Inc. ("PDVH"), subject to the same terms already imposed by the Court in related litigation[1] and as described in the Opening Brief. That relief does not implicate regulations issued by the United States Treasury Department's Office of Foreign Assets Control ("OFAC").

## PRELIMINARY STATEMENT

The parties agree a reasonable period of time has passed for purposes of the FSIA (in this case 19 months). D.I. 12 at 8 ("PDVSA does not object to entry of an order . . . that a reasonable period of time has elapsed following entry of judgment for purposes of Section 1610(c).").

The parties agree the Court has already ruled against PDVSA on all of the other issues raised by its opposition to the Motion and its cross-motion. *Id.* at 3 n.3 ("PDVSA acknowledges that the arguments made in this memorandum of law are inconsistent with the Court's holdings in its March 2 Order and April 28 Order.").

PDVSA "opposes" the Motion and repeats its unsuccessful arguments here only for purposes of appeal. *Id.* ("PDVSA makes the arguments for purposes of preservation"). PDVSA makes its record and "does not contest, subject to its rights of appeal, entry of an order in the

---

[1] *See Phillips Petroleum Co. Venezuela Ltd. v. Petróleos de Venezuela S.A. et al.*, C.A. No. 19-mc-00342-LPS (D. Del. Mar. 2, 2022) (D.I. 42) ("*Phillips Petroleum* Order"); *Red Tree Investments LLC v. Petróleos de Venezuela S.A. et al.*, C.A. No. 22-mc-00068-LPS (D. Del. Apr. 28, 2022) (D.I. 15) ("*Red Tree* Order").

instant case that is consistent with the March 2 Order [in *Phillips Petroleum*] and the April 28 Order [in *Red Tree*]." *Id.* at 3.

The Court should accept PDVSA's invitation and enter an order in this case identical to the orders in *Phillips Petroleum* and *Red Tree*; namely, authorizing the Clerk of the Court to issue a *fi fa* writ upon the Court's receipt of evidence that OFAC has either (i) authorized the issuance and service of a writ of attachment or (ii) removed or materially changed the sanctions under which PDVSA's shares of PDVH are currently blocked property. ConocoPhillips would not oppose certification of that order for interlocutory appeal.

**SUMMARY OF ARGUMENT**

1. ConocoPhillips' registration of the Delaware Judgment pursuant to 28 U.S.C. § 1963 was not prohibited by OFAC sanctions and is thus not "null and void."

2. The entry of an order authorizing the issuance of a *fi fa* writ conditioned on the issuance of a license or lifting of relevant sanctions is not prohibited by OFAC sanctions.

3. The Motion is justiciable and ripe for decision.

4. Pursuant to collateral estoppel, the Court's prior rulings in related litigation preclude PDVSA from prevailing on the arguments made in its opposition and cross-motion.

**BACKGROUND**

As set forth in the Opening Brief, declaration and exhibits in support of the Motion, ConocoPhillips brought an arbitration in December 2016 before a tribunal of the International Chamber of Commerce. On July 29, 2019, the tribunal rendered an award in favor of ConocoPhillips (the "Award"). The United States District Court for the Southern District of New York entered a judgment confirming and recognizing the Award on December 3, 2020 (the "SDNY Judgment"). No portion of the SDNY Judgment has been satisfied.

On June 15, 2022, ConocoPhillips registered the SDNY Judgment with this Court pursuant to 28 U.S.C. § 1963 (the "Delaware Judgment") and moved in this Court for an order authorizing the issuance of a *fi fa* writ with respect to PDVSA's shares of PDVH. D.I. 2, 3. The factual background of the SDNY Judgment, the Motion, and the relevant OFAC sanctions regime is set forth in greater detail in the Opening Brief. D.I. 3 at 4-5.

**ARGUMENT**

**I. OFAC Sanctions Do Not Prohibit Registration of the Delaware Judgment**

OFAC sanctions do not prohibit the registration of money judgments. As the Court has already held, "registration of a judgment 'is not connected to any specific blocked property,' so 'the OFAC regulations are not implicated'" (*Red Tree* Order at 5 (quoting *Phillips Petroleum* Order at 19)), and (2) even *if* OFAC regulations render null and void any "***liens*** (*i.e.*, the prohibited 'transfer'); they would not nullify or void the ***judgments***." *Id.* at 6 (emphasis in original). For those reasons and as the Court held in both *Phillips Petroleum* and *Red Tree*, a specific license is not required for the registration of a judgment and registration does not create a prohibited lien on any blocked property. *Phillips Petroleum* Order at 19; *Red Tree* Order at 7.

Likewise, OFAC sanctions did not prohibit ConocoPhillips' registration of the judgment in this case and there are no grounds to vacate the registered judgment.

**II. OFAC Sanctions Do Not Prohibit the Relief Requested**

Entry of an order authorizing the eventual issuance of a *fi fa* writ: (1) does not constitute a prohibited "transfer" of blocked property under 31 C.F.R. § 591.407; and (2) "does not establish a 'contingent' property interest prohibited by the regulations." *Phillips Petroleum* Order at 13-15. A writ of attachment that is conditioned on OFAC approval or modification is at best an "expectancy," not a property right. *Id.* at 15 n.12.

Issuance of a *fi fa* writ does not by itself effect any "transfer" of PDVSA's shares in PDVH under 31 C.F.R. § 591.407, nor offend any restrictions on PDVSA property from being "transferred, paid, exported, withdrawn or otherwise dealt in." 31 C.F.R. § 594.201. *See Phillips Petroleum* Order at 15; *see also Nat'l Oil Corp. v. Libyan Sun Oil Co.*, 733 F. Supp. 800, 809-812 (D. Del. 1990) ("[B]locking regulations as barring only judicial acts that would effect a transfer of foreign property or property interests . . . . the President's statutory authority is limited to regulating those judicial processes that would effect a transfer of foreign property or property interests."); *PSC Inc. v. Londergan*, 1985 WL 189266 (Del. Super. Ct. Sept. 11, 1985) (issued but not executed writ does not create an interest in property).

Accordingly, OFAC sanctions do not prohibit the relief ConocoPhillips requests here: the issuance of a *fi fa* writ with the same conditions imposed in *Phillips Petroleum* and *Red Tree*. *See, e.g.*, *Phillips Petroleum* Order at 18 ("[T]he OFAC sanctions regime does not require a specific license before the Court may enter an order authorizing the eventual issuance of a writ of attachment."); *Red Tree* Order at 4 (same).

## III. The Motion Is Justiciable and Ripe for Decision

PDVSA argues the conditional features of the relief requested, and that a formal property law attachment will not immediately adhere, somehow deprives the Court of subject matter jurisdiction to grant that relief. *See* D.I. 12 at 8 ("The Attachment Motion, therefore, does not satisfy the justiciability requirements of Article III"). But there can be no serious question about the Court's jurisdiction.

First, the Court's jurisdiction to hear this Motion (and to grant the relief in *Phillips Petroleum* and in *Red Tree*) does not require a new and independent Article III case or controversy. The Court also has ancillary jurisdiction for proceedings such as these to enforce federal court

judgments. *See, e.g.*, *Peacock v. Thomas*, 516 U.S. 349, 356-57 (1996) (describing independent ancillary jurisdiction for proceedings to enforce federal judgments).

Second, because the specific relief requested is neither prohibited by nor capable of being invalidated by any OFAC regulation, there is no ripeness issue. For these reasons, as the Court has already held in *Phillips Petroleum*, the issues "are ripe and [the Court] has jurisdiction." *Phillips Petroleum* Order at 8.

## IV. Collateral Estoppel Forecloses PDVSA's Arguments

The Court has already ruled that: (1) OFAC sanctions do not prohibit registration of money judgments; (2) OFAC sanctions do not prohibit entry of an order authorizing issuance of a *fi fa* writ conditioned on an OFAC license or the lifting of OFAC sanctions; and (3) the Court has jurisdiction to decide a motion for a *fi fa* writ over PDVSA's shares in PDVH. Under the collateral estoppel doctrine, the Court's rulings on these points preclude PDVSA from raising them again here. *See Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (internal citation omitted) (collateral estoppel is warranted where the "identical issue was previously adjudicated" and litigated, the determination was necessary to the decision, and the party seeking relitigation was fully represented in the prior action); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) (offensive use of collateral estoppel doctrine does not require mutuality of the parties).

## CONCLUSION

For the reasons set forth herein and in the Opening Brief, ConocoPhillips respectfully requests the Court enter its proposed order, authorizing the issuance of the proposed *fi fa* writ upon receipt of evidence that either the OFAC sanctions regime has been lifted or materially changed, or that a license has been granted to ConocoPhillips.

ROSS ARONSTAM & MORITZ LLP

/s/ Garrett B. Moritz
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiff*

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
lydia.halpern@kobrekim.com

Dated: July 13, 2022