

1313 North Market Street, Suite 1001 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Garrett B. Moritz                                                                                           Direct Dial 302.576.1604
                                                                                                            gmoritz@ramllp.com

October 4, 2022

**Via ECF**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

**Re:** *ConocoPhillips Gulf of Paria B.V. v. Corporación Venzolana Del Petrólio, S.A., et al., CA No. 1:22-mc-00264-LPS; Phillips Petroleum Company Venezuela Ltd. et al. v. Petróleos de Venezuela, S.A. et al., CA No. 19-342-LPS*

Dear Judge Stark:

We write jointly in connection with this Court's September 29, 2022 Order (1:19-mc-00342-LPS, D.I. 47, 1:22-mc-00264-LPS, D.I. 16) directing the parties to file a joint status report by October 4, 2022. Plaintiffs Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V. and ConocoPhillips Gulf of Paria B.V. (together, "ConocoPhillips") and Defendants Petróleos de Venezuela, S.A., Corporación Venzolana del Petrólio, S.A. and Corpoguanipa, S.A. (together "PDVSA") submit this joint status report addressing the Court's question as to how the above-captioned matters should proceed.

## JOINT OCTOBER 4, 2022 STATUS REPORT

### I. ConocoPhillips' Position

ConocoPhillips, in *Phillips Petroleum Company Venezuela Ltd.*, CA No. 19-342-LPS ("Phillips Petroleum") already holds an Order issued by this Court authorizing the issuance of a writ of *fieri facias* "upon the Court's receipt of evidence that the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") has either (i) authorized the issuance and service of a writ of attachment or (ii) removed the sanctions under which the PDVH Shares are currently blocked property." D.I. 43 at 2. ConocoPhillips now, in *ConocoPhillips Gulf of Paria B.V.* ("ConocoPhillips Gulf of Paria"), CA No. 1:22-mc-00264-LPS, seeks identical relief. As there are no longer any open issues for interlocutory appeal and no further petitions for appeal pending, ConocoPhillips' position is that the Court should move expeditiously and grant the same relief in *ConocoPhillips Gulf of Paria* as already granted in *Phillips Petroleum.*

When and if ConocoPhillips is granted the relief it seeks in *ConocoPhillips Gulf of Paria*, its position is that ConocoPhillips' two judgments, each registered in Delaware and each giving

Hon. Leonard P. Stark
October 4, 2022
Page 2

rise to a conditional writ of attachment against the PDVH shares, should be added as "Additional Judgments" to the sale of the PDVH shares under the procedures outlined in the Fifth Proposed Sale Procedures Order submitted in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-00151-LPS, D.I. 472-1 (D. Del. Aug. 5, 2022) ("Additional Judgments" and process for adding "Additional Judgment Creditors" defined at ¶¶ 30-32).

The Proposed Sales Procedures Order provides that the determination of Additional Judgments is a matter left to the discretion of the Court. "The Special Master shall only consider judgments *that are determined to be Attached Judgments by the Court* by the Additional Judgment Deadline." *Crystallex*, D.I. 472-1 ¶ 30 (emphasis added). Should the Court find briefing from the ConocoPhillips parties helpful in making that determination, ConocoPhillips respectfully requests that a briefing schedule be set in that matter, at an appropriate time.

## II.  PDVSA's Position

PDVSA's position is that ConocoPhillips Gulf of Paria's Motion for an Order Authorizing the Issuance of a Writ of *Fieri Facias*, Misc. No. 22-0264-LPS, D.I. 2, should be dismissed, and the registered judgment docketed by this Court on June 15, 2022, *id.*, D.I. 1, should be vacated, for the reasons set forth in PDVSA's brief in response to the motion. *See id.*, D.I. 12. However, PDVSA acknowledges that the Court's March 2, 2022 and April 28, 2022 decisions in certain related cases are inconsistent with the positions set forth in PDVSA's brief in this regard. *See OI Eur. Grp., B.V. v. Bolivarian Republic of Venezuela*, Misc. No. 19-290-LPS, D.I. 110 (D. Del. Mar. 2, 2022) ("March 2 Order"); *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A., et al.*, Misc. Nos. 22-68-LPS & 22-69-LPS, 2022 U.S. Dist. LEXIS 77742 (D. Del. Apr. 28, 2022) ("April 28 Order"). Accordingly, if the Court is inclined to grant ConocoPhillips Gulf of Paria any relief, PDVSA does not contest, subject to its rights of appeal and the preservation of its objections, entry of an order in Misc. No. 22-0264-LPS that is consistent with the March 2 Order and April 28 Order.

PDVSA opposes ConocoPhillips' request to have its registered judgments added as "Additional Judgments" to the sale of the PDVH shares under the procedures outlined in the Fifth Proposed Sale Procedures Order submitted in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-151-LPS, D.I. 472-1 (D. Del. Aug. 5, 2022) ("Fifth SPO"). The Fifth SPO provides that "[b]y no later than ten calendar days after the Launch Date (the '**Additional Judgment Deadline**'), the Court will decide in accordance with applicable law which, if any, additional judgments (the '**Additional Judgments**,' and with the Crystallex Judgment, the '**Attached Judgments**') are to be considered by the Special Master for purposes of the Sale Transaction." *Crystallex,* Misc. No. 17-151-LPS, D.I. 472-1 at ¶ 30. Unless otherwise ordered by the Court, "following the Additional Judgment Deadline, the Special Master shall implement the Sales Procedures, based on the Attached Judgments as of the Additional Judgment Deadline" and "shall only consider judgments that are determined to be Attached Judgments by the Court by the Additional Judgment Deadline." *Id.* The Fifth SPO further provides that "(i) the Additional Judgment Deadline does not impair or in any way limit any person's or entity's right to seek attachment to any proceeds following consummation of the Sale Transaction and (ii) no PDVH Shares shall be sold, nor proceeds from any sale thereof distributed, to satisfy any judgments that are not Attached Judgments." *Id.* Recognizing that ConocoPhillips' judgment may not become

Hon. Leonard P. Stark
October 4, 2022
Page 3

an Attached Judgment, the Fifth SPO provides that, if that were to occur, ConocoPhillips would be excused from paying "Transaction Expenses." *Id.*

The clear import of the Fifth SPO is that only a creditor who, like Crystallex, has obtained an actual attachment of the PDVH shares by the Additional Judgment Deadline may have its judgment added as Additional Judgment, thereby becoming an Attached Judgment that will be considered as part of the sale process and sought to be satisfied through the sale proceeds. Nothing in the Fifth SPO, or applicable law, suggests that a judgment creditor who does not have an attachment of the PDVH shares—and cannot legally attach the shares without an OFAC license—has a right to have its judgment converted into an Additional or Attached Judgment that will be considered as part of the sale process.

Further, to hold otherwise would be inconsistent with this Court's prior rulings. This Court already rejected ConocoPhillips' request, holding that, "[t]o the extent ConocoPhillips is further requesting that 'the Court … formally add ConocoPhillips' judgment to the sale process in Crystallex,' that request is denied. The Court has not been persuaded that ConocoPhillips' judgment should be added to the sale process in Crystallex unless ConocoPhillips establishes a concrete interest in the PDVH Shares, which cannot occur until ConocoPhillips obtains a specific license from OFAC or the sanctions regime materially changes." *OI Eur. Grp.*, Misc. No. 19-290-LPS, D.I. 109 at 22 n. 17. That decision remains correct. This Court held, over PDVSA's objection, that entry of an order authorizing the eventual issuance of a writ of attachment conditioned on OFAC's grant of a specific license did not amount to a prohibited "transfer," reasoning that "[t]he requested relief will not establish priority in the PDVH shares" and "would not affect rights in blocked property until that property is no longer blocked." *Id.* at 14; *see also id.* ("The lack of any priority benefit underscores that the requested relief does not amount to a prohibited transfer or otherwise alter rights in the PDVH shares."); *id.*, D.I. 114 at 6 n.3 ("[N]o judgment creditor can obtain priority in the PDVH shares unless and until it obtains a specific license from OFAC or the sanctions regime materially changes."). Yet that is precisely what ConocoPhillips seeks here. By adding its judgment as an Additional or Attached Judgment, ConocoPhillips seeks to be given a priority interest in the PDVH shares without obtaining the requisite OFAC license needed to attach those shares in the first instance. Such an outcome is neither lawful nor just.

To the extent that the Court is inclined to consider ConocoPhillips' request, PDVSA respectfully requests that a briefing schedule be set so that its views can be formally presented.

\*   \*   \*

The parties are available at the Court's convenience should the Court have any questions.

Hon. Leonard P. Stark
October 4, 2022
Page 4

Dated: October 4, 2022

Respectfully,

| | |
|---|---|
| *HEYMAN ENERIO GATTUSO & HIRZEL LLP* | *ROSS ARONSTAM & MORITZ LLP* |
| By: */s/ Samuel T. Hirzel*<br>Samuel T. Hirzel (#4415)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>Telephone: 302-472-7300<br>SHirzel@hegh.law | By: */s/ Garrett B. Moritz*<br>Garrett B. Moritz (#5646)<br>Hercules Building<br>1313 North Market Street, Suite 1001<br>Wilmington, DE 19801<br>Telephone: 302-576-1600<br>gmoritz@ramllp.com |
| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>Joseph D. Pizzurro<br>Julia B. Mosse<br>Kevin A. Meehan<br>Juan O. Perla<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: 212-696-6000<br>jpizzurro@curtis.com<br>jmosse@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com | KOBRE & KIM LLP<br>Michael S. Kim<br>Marcus J. Green<br>Josef M. Klazen<br>800 Third Avenue<br>New York, New York 10022<br>Telephone: 212-488-1200<br>michael.kim@kobrekim.com<br>marcus.green@kobrekim.com<br>jef.klazen@kobrekim.com |
| *Attorneys for Petróleos de Venezuela, S.A., Corpoguanipa, S.A., and PDVSA Petróleo, S.A.* | *Attorneys for Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V. and ConocoPhillips Gulf of Paria B.V.* |